1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   TANYA NEMCIK,                          Case No.  16-cv-01423-SK

8                   Petitioner,

9          v.                              **REFERRAL FOR REASSIGNMENT**
                                           **AND REPORT AND**
10  CONTRA COSTA SUPERIOR COURT, et        **RECOMMENDATION TO DISMISS**
    al.,
11                 Respondents.            Regarding Docket Nos.

12          Petitioner Tanya Nemcik, proceeding *pro se*, has filed this petition for writ of habeas

13  corpus to challenge the custody determination made by the Contra Costa County Superior Court

14  regarding two of her children.  Petitioner has not consented to the jurisdiction of a magistrate

15  judge under 28 U.S.C. § 636(c), and, therefore, the Court does not have authority to make a

16  dispositive ruling in this case.  Accordingly, the Court orders that this case be REASSIGNED to a

17  District Judge.  Based on the facts alleged in the Complaint, the Court lacks subject matter

18  jurisdiction.  Accordingly, the Court RECOMMENDS that the District Court DISMISS this

19  action.

20          Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an *in forma pauperis*

21  complaint that lacks subject matter jurisdiction.  *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir.

22  1987).  Even aside from Section 1915 review, the Court has an independent duty to ascertain its

23  jurisdiction.  Federal courts are under a duty to raise and decide issues of subject matter

24  jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R.

25  Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court

26  determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R.

27  Civ. P. 12(h)(3).

28          The Court lacks jurisdiction over this matter because neither Petitioner nor her children are

*United States District Court*
*Northern District of California*

"in custody" as required by 28 U.S.C. § 2241.  As the Supreme Court stated in *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 515-16 (1982), state court judgments concerning child custody matters are beyond the purview of habeas corpus.  *Lehman* held that federal courts do not have jurisdiction in habeas corpus to determine parents' right to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution.  *Id.*

Moreover, to the extent that Petitioner's complaint does not sound in *habeas*, but could be read to challenge the state court custody orders pursuant to 42 U.S.C. § 1983, the Court lacks jurisdiction over her claims under the *Rooker-Feldman* doctrine.  *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).  Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly committed by state courts.  *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").  Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court.  *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

The *Rooker-Feldman* doctrine provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.  *See, e.g., Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).  "The purpose of the doctrine is to protect state judgments from collateral federal attack.  Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'"  *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S.at 482 n.16).  Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted).  In such a case, the district court must not exercise jurisdiction to review the ruling of a state court.

1    Here, Petitioner is challenging the order issued by the Contra Costa Superior Court giving

2    custody of two of her children to the children's father.  She contends that the Contra Costa

3    Superior Court violated her constitutional rights.  Because Petitioner is seeking to have this Court

4    determine that the Contra Costa Superior Court erred, Plaintiff's claims are barred under the

5    *Rooker-Feldman* doctrine.  Accordingly, the Court RECOMMENDS that this matter be

6    DISMISSED for lack of subject matter jurisdiction.

7    The Court notes that in her request for a subpoena for medical testing and treatment,

8    Petitioner included confidential and sensitive information regarding her minor children, including

9    their medical records.  (*See* Dkt No. 19.)  The Court has provisionally sealed this document.  If

10   Petitioner wants to keep this information under seal, she may submit a supporting declaration and

11   redacted version of this document by no later than May 5, 2016.

12       **IT IS SO ORDERED**.

13   Dated: April 26, 2016

14   _____

15   SALLIE KIM
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA NEMCIK,<br><br>   Plaintiff,<br><br>  v.<br><br>CONTRA COSTA SUPERIOR COURT, et al.,<br><br>   Defendants. | Case No.  16-cv-01423-SK<br><br>**CERTIFICATE OF SERVICE** |

   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

   That on April 26, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tanya  Nemcik
3216 View Drive
Antioch, CA 94509

Dated: April 26, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Melinda K. Lozenski, Deputy Clerk to the
Honorable SALLIE KIM